UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TAMI MCINTOSH,<br><br>    Plaintiff<br><br>v.<br><br>TARGET CORPORATION,<br><br>    Defendant | Case No.: 2:20-cv-00659-APG-BNW<br><br>**Order Remanding Case to State Court** |

Defendant Target Corporation removed this action on the basis of diversity jurisdiction. ECF No. 1. If removal is sought based on diversity of citizenship, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). If the initial pleading seeks nonmonetary relief or "a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded," then "the notice of removal may assert the amount in controversy," but only "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c)(2).

> Federal courts are courts of limited jurisdiction. . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction. . . . This burden is particularly stringent for removing defendants because the removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand.

*Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773–74 (9th Cir. 2017) (internal quotations, alterations, and citations omitted). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). Where "it is unclear what amount of damages the plaintiff has sought,"

as with claims governed by Nevada Rule of Civil Procedure 8(a), "then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Id.*

Here, as in *Gaus*, Target's notice of removal offered no facts to support the court's exercise of jurisdiction, and the plaintiff's allegations in the complaint provided none. I directed Target to show cause why this case should not be remanded. Target's response is not based on any evidence. Instead, Target offers only unsupported attorney argument. Target has not met its burden of showing by a preponderance of the evidence that the amount in controversy requirement is satisfied.

I THEREFORE ORDER that the case is remanded to the state court from which it was removed for all further proceedings. The clerk of the court is instructed to close this case.

DATED this 1st day of May, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE